1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                           NORTHERN DISTRICT OF CALIFORNIA

7

8    JOHN MARK FELDER,                          No. C-11-4830 EMC (pr)

9              Plaintiff,

                                                **ORDER OF DISMISSAL WITH LEAVE**
10       v.                                      **TO AMEND**

11   GLENN E. DYER DETENTION, *et al.*,

12             Defendants.
                                            /
13   _____

14                    **I.    INTRODUCTION**

15       John Mark Felder, formerly an inmate at the Glenn E. Dyer Detention Center in Oakland and

16   now an inmate at the Federal Detention Center in Dublin, filed this *pro se* prisoner's civil rights

17   action under 42 U.S.C. § 1983.  In his complaint, he alleged that he did not receive adequate medical

18   care after he broke his finger on September 24, 2005.  His complaint is now before the Court for

19   review under 28 U.S.C. § 1915A.

20                    **II.   DISCUSSION**

21       A federal court must engage in a preliminary screening of any case in which a prisoner seeks

22   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

23   § 1915A(a).  In its review the Court must identify any cognizable claims, and dismiss any claims

24   which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

25   monetary relief from a defendant who is immune from such relief.  *See id*. at § 1915A(b).  *Pro se*

26   pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

27   (9th Cir. 1990).

28       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right

*United States District Court*
*For the Northern District of California*

secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

There are three significant problems with the complaint which require that an amended complaint be filed. First, Felder has not linked any Defendant to his claim that he received inadequate medical care. In his amended complaint, Felder must be careful to allege facts showing the basis for liability for each Defendant. He should not refer to them as a group (*e.g.*, "the defendants"); rather, he should identify each involved Defendant by name and link each of them to his claim by explaining what each involved Defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Typically, a § 1983 plaintiff names as defendants the individual person(s) who committed the alleged constitutional violation, and Felder should consider doing so in his amended complaint. Felder has listed the detention facility as a Defendant, but the detention facility is a place, and a place is not a proper Defendant. If Felder wants to sue the municipality, he may name that as a Defendant, but is cautioned that there is no respondeat superior liability under § 1983, *i.e.* no liability just because an entity employs a person who has violated his rights. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell*, 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).

Second, Felder has not alleged facts showing a violation of his constitutional rights. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only

2

when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). If, at the relevant time, Felder was a pretrial detainee rather than a convict, his claims would arise under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishment Clause of the Eighth Amendment, but the deliberate standard would still apply to the claim. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (standard of deliberate indifference applicable to pretrial detainees' medical claims). Mere negligence would not be enough to amount to a constitutional violation. *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). Felder's allegation of inadequate medical care does not state a § 1983 claim. In his amended complaint, Felder must allege facts suggesting that there was deliberate indifference to his broken finger, *i.e.*, that one or more Defendants knew of and disregarded a serious medical need.

Third, the complaint appears to be time-barred as the events and omissions giving rise to the claim allegedly occurred in 2005. Section 1983 does not contain its own limitations period, so the Court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92; *Elliott*, 25 F.3d at 802. The statute of limitations period generally begins when a plaintiff has knowledge of the "critical facts" of his injury, which are "that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

United States District Court
For the Northern District of California

1    Although the statute of limitations is an affirmative defense that normally may not be raised by the

2    court sua sponte, it may be grounds for sua sponte dismissal of an *in forma pauperis* complaint

3    where the defense is complete and obvious from the face of the pleadings or the Court's own records.

4    *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984).  That is the situation here:  the

5    defense appears complete and obvious from the face of the complaint because this action was filed

6    about six years after the acts and omissions alleged in the complaint occurred.

7        Incarceration of the Plaintiff is a disability that may toll the statute for a maximum of two

8    years, but only for a plaintiff who is in prison "for a term less than for life."  *See* Cal. Civ. Proc.

9    Code § 352.1.

10       The limitations period may be subject to equitable tolling.  Under California law, equitable

11   tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal

12   remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries

13   or damage.'"  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v.*

14   *California*, 21 Cal. 3d 313, 317 (1978)).  Thus, in an appropriate case, the statute of limitations

15   might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal

16   court.

17       The complaint appears on its face to be time-barred because the acts and omissions giving

18   rise to the claims took place on or about September 24, 2005, about six years before this action was

19   deemed filed on September 26, 2011.  Felder must explain – either in his amended complaint or in a

20   separate response – why the action should not be dismissed as time-barred.  Of course, Felder is not

21   limited to arguing only equitable tolling – he may submit any argument he has to show that the

22   statute of limitations does not bar this action.

### III.   CONCLUSION

24       The complaint fails to state a claim upon which relief may be granted.  Leave to amend is

25   granted so that Plaintiff may attempt to state a claim against a Defendant.  In his amended complaint

26   (or in a separate written response filed at the same time as the amended complaint), Plaintiff must

27   explain why this action should not be dismissed as barred by the statute of limitations.

28

The amended complaint must be filed no later than **May 4, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings.  *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated:  April 2, 2012

_____
EDWARD M. CHEN
United States District Judge